NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2575
_____

UNITED STATES OF AMERICA

v.

ALANDA BRAXTON,

Appellant.

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 08-cr-273)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
(March 24, 2010)

Before: RENDELL, AMBRO and FUENTES, Circuit Judges.

(Opinion Filed: March 31, 2010)


OPINION OF THE COURT


FUENTES, Circuit Judge:

Alanda Braxton pled guilty to four counts of wire fraud. She appeals the District

Court's imposition of a two-level sentencing enhancement pursuant to Section

2B1.1(b)(9) of the United States Sentencing Guidelines ("U.S.S.G."). We will affirm.

**I.**

Because we write primarily for the parties, we discuss only those facts relevant to our conclusion. Braxton acquired a prepaid credit card with an initial balance of $30 in February 2007. After destroying the magnetic strip on the back of the card, Braxton was able to use the card to purchase $398,449 in gift cards at multiple Home Depot stores between March 2007 and April 2008. Braxton purchased the gift cards, ranging in amount from $4,000 to $8,000, from over fifty stores in six states – Maryland, New Jersey, New York, North Carolina, Pennsylvania, and Virginia. She ultimately used the credit card on over 90 occasions, but made only one payment on the card in the amount of $850. Because Braxton destroyed the magnetic strip on the credit card, each time she would make a purchase with it, the credit card machine would fail to read the card after a cashier swiped it, and the cashier would enter the card number manually; apparently the system was unable to recognize that there was an insufficient balance on the card when it was entered in this manner. Surveillance photographs from the various Home Depot locations involved in these transactions show Braxton using the card.

Braxton was arrested and charged with having committed wire fraud in violation of 18 U.S.C. § 1343. With her attorney present, Braxton explained to law enforcement officials that, in carrying out this scheme, she was following the instructions of a man named "Mike," a Home Depot employee who instructed her about which stores to visit

and how much to spend. She also stated that she gave each gift card to "Mike" after she obtained it, and that he paid her $1,000 per card. Braxton has refused to identify "Mike," citing a fear for her safety, and to date "Mike" has neither been identified nor apprehended.

A grand jury in the Middle District of Pennsylvania indicted Braxton on July 2, 2008, charging her with four counts of wire fraud in violation of 18 U.S.C. § 1343. Pursuant to a written plea agreement, Braxton pled guilty to all four counts on January 23, 2009. The pre-sentence report ("PSR") recommended a two-level sentencing enhancement pursuant to U.S.S.G. § 2B1.1(b)(9)(A). Braxton objected to the enhancement. On May 22, 2009, the District Court conducted a sentencing hearing and, over Braxton's objection, imposed the two-level enhancement. Braxton was sentenced to 27 months' imprisonment and ordered to pay restitution in the amount of $356,235 as well as a special assessment of $400. Braxton filed this timely notice of appeal.

## II.

While this Court exercises plenary review over the District Court's legal interpretation of the Sentencing Guidelines, United States v. Monostra, 125 F.3d 183, 188 (3d Cir. 1997), we review the District Court's factual findings for clear error. United States v. Coggins, 986 F.2d 651, 654 (3d Cir. 1993).

## III.

United States Sentencing Guideline Section 2B1.1(b)(9)(A) provides that a

sentence may be increased by two levels if "the defendant relocated, or participated in relocating, a fraudulent scheme to another jurisdiction to evade law enforcement or regulatory officials." In order for the enhancement to apply, therefore, the defendant (1) must have relocated a fraudulent scheme from one jurisdiction to another, and (2) must have done so to evade enforcement officials. See U.S.S.G. 2B1.1(b)(9)(A).

The first of these prongs is not in question here. Clearly, Braxton relocated from one jurisdiction to another and she brought the fraudulent scheme with her, as is evidenced by her fraudulent purchase of gift cards in six different states. Braxton does not appear to contest that she relocated the scheme across jurisdictions. The only issue for us to consider in determining whether Braxton was correctly subjected to the two-level sentencing enhancement, therefore, is whether Braxton's conduct was undertaken with the intent of evading law enforcement.

We conclude that the District Court properly found that Braxton carried these fraudulent schemes across jurisdictional lines in order to evade the detection of law enforcement. First, we agree with the Government that the relocation need not be motivated by a specific threat of arrest for U.S.S.G. 2B1.1(b)(9)(A) to apply. See United States v. Vega-Iturrino, 565 F.3d 430, 433 (8th Cir. 2009). Thus, the fact that Braxton had not been literally forced to relocate to another jurisdiction on account of the detection of her fraudulent scheme by law enforcement in any respective jurisdiction does not lend weight to an argument that she lacked the requisite intent to evade law enforcement. Law

4

enforcement officers need not be in hot pursuit of an individual in order for that individual's carrying a criminal plot across state lines to constitute intent to evade detection. See id.

Braxton also contends that she was not responsible for the relocations because she was acting at the behest of "Mike" when she traveled across state lines to further the scheme. Even assuming that "Mike" had instructed Braxton to relocate the scheme, this is not sufficient to avoid application of the sentencing enhancement. "Section 2B1.1(b)(9)(A) requires only that the defendant participated in relocating the scheme; [s]he did not have to be the 'driving force' behind the relocation for the enhancement to apply." United States v. Paredes, 461 F.3d 1190, 1193 (10th Cir. 2006). So long as Braxton participated in moving the fraudulent scheme to another jurisdiction, which in this case she obviously did, it is not necessary for a court to find that she did so without assistance to enhance her sentence under 2B1.1(b)(9)(A).

We further conclude that the District Court did not clearly err in finding that Braxton and "Mike" conspired to relocate the scheme to avoid detection. The District Court reasonably inferred the existence of such an agreement between Braxton and "Mike" from the PSR, see Fed. R. Crim. P. 32(i)(3)(A), since Braxton did not controvert the existence of the conspiracy in her objection to the PSR. See United States v. Grajeda, 581 F.3d 1186, 1188 (9th Cir. 2009). Indeed, a purpose to avoid detection is the only reasonable inference the District Court could have drawn from the facts surrounding

5

Braxton's conduct—as her counsel himself stated at sentencing, "you can't use the card at the same place all the time or you're going to get caught." (App. 58.) We agree with this statement, and we conclude that the District Court did not err in finding that Braxton relocated her scheme across jurisdictions to evade detection by law enforcement officials.

## IV.

For the foregoing reasons, we find that the District Court did not err in enhancing Braxton's sentence under Section 2B1.1(b)(9) of the Sentencing Guidelines. Accordingly, we affirm the District Court's sentence.